**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT GREENEVILLE**

| | | |
|---|---|---|
| WILLIE B. WILSON,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT COUNTY JAIL, OFFICER BLAKE, and OFFICER GIRLFRIEND,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-CV-27<br><br>Judge Curtis L. Collier<br>Magistrate Judge Cynthia R. Wyrick |

**MEMORANDUM & ORDER**

Plaintiff, a prisoner currently confined in the Claiborne County Jail who was previously incarcerated in the Scott County Jail, filed a pro se complaint for violation of 42 U.S.C. § 1983 asserting that when he was filling out a sick call form during his Scott County Jail confinement, Defendant "Officer [G]irlfriend" stated Plaintiff would be "whip[p]ed" and placed in "droom eko" if he was not sick (Doc. 2 at 3–4), a motion for leave to proceed *in forma pauperis* (Doc. 1), and a motion for case review (Doc. 3). Plaintiff's motion for case review (Doc. 3) is **GRANTED** only to the extent that the Court enters the instant memorandum and order. Also, for the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) will be **GRANTED**, and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983 as to any Defendant.

**I. FILING FEE**

As Plaintiff cannot pay the filing fee in a lump sum, his motion for leave to proceed *in forma pauperis* (*Id.*) is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street,

Greeneville, Tennessee 37743, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period before the filing of the complaint. 28 U.S.C.§ 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus,

to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above the speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 555. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B. Analysis**

First, as set forth above, Plaintiff's only substantive allegation in his complaint is that, while he was filling out a sick call form, Defendant "Officer [G]irlfriend" stated Plaintiff would be "whip[p]ed" and placed in "droom eko" if he was not sick. (Doc. 2 at 3–4). But nothing in the complaint allows the Court to plausibly infer that this statement amounted to a credible threat of violence, such that it rose to the level of a constitutional violation. *Small v. Brock*, 963 F.3d 539, 541 (2020) (providing that "a threatened loss of life, when made credible by the aggressive brandishing of a deadly weapon, is beyond the type of 'unpleasant experience' that prisoners must endure"). To the contrary, it is apparent that this statement contained only harassment and minor threats, which do not rise to the level of a constitutional violation. *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (providing that harassment and verbal abuse do not constitute the type of infliction of pain that the constitution prohibits); *Carney v. Craven*, 40 F. App'x 48, 50 (6th

Cir. 2002) ("An inmate has no right to be free from verbal abuse, and minor threats do not rise to the level of a constitutional violation" (internal citations omitted)).

Moreover, even if the Court liberally construes the complaint to assert that the alleged comment from Defendant "Officer Girlfriend" amounted to retaliation in violation of § 1983, the Court cannot plausibly infer that this is the case. Specifically, a § 1983 retaliation claim requires Plaintiff to plausibly allege three elements: (1) he engaged in protected conduct; (2) the defendant took an adverse action against him "that would deter a person of ordinary firmness from continuing to engage in that conduct"; and (3) there is a causal connection between the other two elements; that is, the adverse action was at least partially motivated because of the protected conduct. *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). In this case, it is apparent from Plaintiff's complaint that the relevant statement from Defendant "Officer Girlfriend" was not motivated by Plaintiff filing a sick call form, which would be protected conduct, but rather by speculation and/or belief that Plaintiff was filling out the sick call form without being sick, which would not be protected conduct. *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (providing that "while a prisoner may have a right to file grievances against prison officials, he or she cannot exercise that right in a manner that violates legitimate prison regulations or penological objectives" (citing *Ward v. Dyke,* 58 F.3d 271, 274 (6th Cir.1995) ("The ability to transfer a prisoner who is interfering with prison administration and staff morale goes to the essence of prison management."))). Thus, the complaint fails to allege a plausible retaliation claim.

Additionally, while Plaintiff also sued Defendant Officer Blake, who appears to have been present at the time Defendant "Officer Girlfriend" made the relevant statement to Plaintiff, nothing in the complaint suggests that Defendant Officer Blake violated Plaintiff's constitutional rights in any way.

Plaintiff has also sued the Scott County Jail (Doc. 1 at 2). However, this is not an entity subject to suit under § 1983. *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647 (table), at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Further, even if the Court could liberally construe Plaintiff's complaint as against Scott County, which is the municipality that runs the Scott County Jail and is an entity subject to suit, Plaintiff has not set forth any facts from which the Court can liberally construe that any custom or policy of Scott County caused a violation of his constitutional rights, as required for this municipality to be liable under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that a municipality may be liable under § 1983 for an alleged constitutional deprivation only if there is a direct causal link between a policy or custom of the entity and the alleged constitutional violation).

Accordingly, the complaint fails to state a claim upon which relief may be granted under § 1983 against any named Defendant, and it will not proceed against Scott County.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for case review (Doc. 3) is **GRANTED** only to the extent that the Court enters the instant memorandum and order;

2. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) is **GRANTED**;

3. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

4. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

5. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

6. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

7. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

8. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED**.

**ENTER**:

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**